IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIONNE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2522-BN |
| | § | |
| ARAMARK SERVICES, INC., formerly known as ARAMARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Aramark Services, Inc. ("Aramark" or "Defendant") has filed a motion for summary judgment, *see* Dkt. No. 21, Plaintiff Dionne Washington filed a response, *see* Dkt. No. 25, and Aramark filed a reply, *see* Dkt. No. 29.

Aramark contends that it is entitled to judgment as a matter of law because Plaintiff cannot establish one of the elements of her premises liability claim – that Aramark had actual or constructive knowledge of the dangerous condition on its premises that allegedly caused Plaintiff to slip and fall. Plaintiff responds that there are genuine issues of material fact that preclude summary judgment.

For the following reasons, the Court denies the motion for summary judgment.

**Background**

On September 6, 2013, Plaintiff was a customer at Aramark's cafeteria. After selecting and paying for her lunch, Plaintiff headed to the condiment bar area where she slipped and fell. Plaintiff sustained injuries to her hand, wrist, neck, and spine, and the injuries to her wrist required surgery.

Plaintiff's fall was recorded by video surveillance equipment at the cafeteria. *See* Dkt. No. 27. According to screen shots from the videotape, at 11:19 a.m., a spill is visible on the floor as a man walks from the cashier to the condiment area. *See* Dkt. No. 27-1. A woman then walks through the spill to the area where Plaintiff later slipped and fell. *See* Dkt. No. 27-3. At 11:20 a.m., the man returns with napkins and wipes or cleans the spill. *See* Dkt. No. 27-2. Then, also beginning at 11:20 a.m., an Aramark employee mops the same spot the man cleaned with napkins and places a cone in the area. The area cleaned does not extend out to the condiment area several feet away where Plaintiff slipped and fell at 12:49 p.m. *See* Dkt. Nos. 27-4 & 27-6. Aramark employees are located nearby at cash registers throughout the one-and-a-half-hour period between the time a spill is visible and Plaintiff's fall. *See* Dkt. No. 27.

Plaintiff brought a premises liability claim against Aramark. Aramark asserts that it is entitled to summary judgment as a matter of law because Plaintiff cannot establish that Aramark had actual or constructive knowledge of the existence of the dangerous condition – a clear, slick and slippery substance on the floor of Aramark's cafeteria – before Plaintiff slipped on the substance and fell.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is

'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its

case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

**Analysis**

Under Texas law, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). But the owner is not an insurer of a patron's safety. *Wal-Mart v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prevail on her premises liability claim, Plaintiff must show that: (1) a condition of the premises created an

unreasonable risk of harm; (2) the owner, Aramark, knew or reasonably should have known of the condition; (3) Aramark failed to exercise ordinary care to protect Plaintiff from the danger; and (4) Aramark's failure was a proximate cause of injury to Plaintiff. *See Del Lago Partners*, 307 S.W.3d at 776 (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prevail on element two – the notice element – "[a] slip-and-fall plaintiff ... [must establish] [either] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814. It is not enough for a plaintiff to merely show that the defendant's employee came in close proximity to a hazard, but, rather, a plaintiff must point to evidence that the owner had a reasonable opportunity to discover a dangerous condition. *See id.* at 816.

Aramark moves for summary judgment on one ground – that Plaintiff puts forth no evidence that Aramark had actual or constructive notice of a condition posing an unreasonable risk of harm. *See* Dkt. No. 21 at 2. Aramark contends that no genuine dispute of material fact exists as to Plaintiff's claim's second element. *See id.*

The surveillance footage, along with Plaintiff's deposition testimony describing the substance on the floor, create a genuine dispute of material fact on the issue of notice. In analyzing constructive notice, Texas courts consider "'the combination of proximity, conspicuity, and longevity.'" *Young v. Wal-Mart Stores Texas, LLC*, No. 05-14-00362-CV, 2015 WL 1062744, at *2 (Tex. App. – Dallas Mar. 10, 2015, no pet.)

(quoting *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)). The Texas Supreme Court explains the required analysis by providing hypotheticals:

> [I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.

*Reece*, 81 S.W.3d at 816.

Plaintiff testified that she slipped on a clear, slick, and greasy substance. *See* Dkt. No. 23 at 14-15. The video shows a spill on the floor, someone walking through the spill to the area where Plaintiff later fell, and an Aramark employee cleaning the immediate vicinity of the spill but not the area a few feet away where Plaintiff fell. *See Odom v. Wal-Mart Stores, Inc.*, 32 F.3d 566, No. 93-2176, 1994 WL 442488, at *2 (5th Cir. Aug. 2, 1994) (holding that jury could reasonably infer from existence of a clean-up effort and the plaintiff's subsequent fall in the area that the spill was not entirely cleaned up). Plaintiff has thus presented circumstantial evidence that, including when coupled with the absence of anything in the video showing an intervening spill in or clean-up of the area where Plaintiff slipped, supports a reasonable inference that the substance was tracked from the initial spill to the area where Plaintiff fell and was on the floor for at least one-and-a-half hours. *Cf. Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 542 (5th Cir. 2005) (circumstantial evidence created a fact issue as to source of puddle on which plaintiff slipped). Therefore, she can point to evidence of longevity.

Furthermore, the video shows Aramark employees in close proximity to the location where she fell throughout the videotape and Plaintiff testified that she saw the substance on the floor after she fell. *See* Dkt. No. 23 at 14. Plaintiff has put forward evidence that the substance was easily observable and can point to evidence of proximity and conspicuity.

Putting these facts together, the Court concludes that a jury could find that Aramark reasonably should have discovered the substance on the floor – that is, that a reasonable trier of fact could find that it is more likely than not that the condition existed long enough to give Aramark a reasonable opportunity to discover it.

Of course, the jury may be able to draw a contrary or competing inference, such as that, because of the number of people who passed by, the substance was not easily observable. But, viewing all facts and drawing all reasonable inferences in the light most favorable to Plaintiff and resolving all disputed factual controversies in favor of Plaintiff, there is a genuine dispute of material fact on the notice element that precludes summary judgment in Aramark's favor.

**Conclusion**

Defendant Aramark Services, Inc.'s Motion for Summary Judgment [Dkt. No. 21] is DENIED.

SO ORDERED.

DATED: August 3, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE